**ORIGINAL**

CAL J. POTTER, III, ESQ.
Nevada Bar No. 001988
POTTER LAW OFFICES
1125 Shadow Lane
Las Vegas, Nevada 89102
(702)385-1954

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \* \* \*

| | |
|---|---|
| JULIE A. MILITELLO, | CV-S-00-1316-DWH-RJJ |
| Plaintiff, | |
| vs. | |
| LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a Political Sub-division of the STATE OF NEVADA; Police Officers, J. LOMBARDO, F. HERNANDEZ, MCGRATH, VIALARD, each individually and as a police officer employed by the LAS VEGAS METROPOLITAN POLICE DEPARTMENT; DOE POLICE OFFICERS I through X; JOHN DOES I through X, inclusive, | **COMPLAINT** (Jury Demanded) |
| Defendants. | |

COMES NOW, the Plaintiff, JULIE A. MILITELLO, by and through her attorney CAL J. POTTER, III, ESQ. of the law firm of POTTER LAW OFFICES, and hereby complains of the Defendants, and each of them, jointly and severally, upon information

1

and belief, and respectfully alleges:

## INTRODUCTION

This is a complaint for money damages against said Defendant Officers, police officers of the Las Vegas Metropolitan Police Department, for violation of JULIE A. MILITELLO's constitutional and common law rights. Plaintiff alleges that said Defendant Officers used excessive force when unlawfully entering and searching her home and committed a battery in the course of such acts and that Defendant, Las Vegas Metropolitan Police Department is liable for its custom and practice of permitting and encouraging excessive force on individuals who do not readily obey their commands and that the use of excessive force in committing such acts, with the result that officers of the Las Vegas Metropolitan Police Department were encouraged that they could violate Plaintiff's constitutional rights.

## JURISDICTION

Jurisdiction of this court is invoked under 28 U.S.C. §§1343 (1), (2), (3), (4).

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, and Fourteenth Amendments to the Constitution of the United States.

2. This action is brought to seek redress against the Defendant Officers for acts committed while acting under color of laws of the State of Nevada, or laws, policies, ordinances, statements, regulations or mandates, written of the Defendant, Las Vegas Metropolitan Police Department, a political subdivision of the State of Nevada, pursuant to Nevada Revised Statute.

///

2

## PARTIES

3. Plaintiff, JULIE A. MILITELLO, is and was at all times relevant to this complaint, a citizen of the United States of America, a resident of the State of Nevada.

4. Defendant, LAS VEGAS METROPOLITAN POLICE DEPARTMENT, (LVMPD) is a political entity pursuant to the Nevada Revised Statute and at all times relevant hereto, employed the Defendant Officers. Defendant LVMPD is a "person" under Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

5. Defendant Officers J. LOMBARDO, F. HERNANDEZ, MCGRATH, VIALARD are police officers. They are sued individually and in their official capacity. They are sued for punitive damages in their individual capacity.

6. At all times relevant hereto, and in all their actions described herein, Defendant Officers were acting under the color of law in their authority as police officers at the Las Vegas Metropolitan Police Department.

7. That the true names and capacities, whether municipal, individual, corporate, associate or otherwise of the Defendants herein designated as DOE OFFICERS I through X, inclusive, and JOHN DOES I through X, inclusive, are unknown to Plaintiff who, therefore, sues said Defendants by such fictitious names. Plaintiff alleges that each named Defendant herein designated as DOES is negligently, wilfully, contractually or otherwise legally responsible for the events and happenings herein referred to and proximately caused injury and damages thereby to Plaintiff, as herein alleged. Plaintiff will ask leave of the Court to amend this Complaint to insert the true names and capacities of such Defendants when same have been ascertained and will further ask leave to join

3

said Defendants in these proceedings.

8. Defendants, and each of them, did the acts and omissions hereinafter alleged in bad faith and with knowledge that their conduct violated well established and settled law.

## FIRST CAUSE OF ACTION

## FALSE IMPRISONMENT

9. Paragraphs 1 through 8 are incorporated herein by reference.

10. On or about September 2, 1999, Plaintiff was residing peacefully at home, talking on the telephone, when violent knocking ensued upon her front door. Plaintiff was unclothed, so she retrieved a robe prior to answering the door.

11. While holding her robe closed, Plaintiff cracked open the door when two men, Defendant Officers J. LOMBARDO and F. HERNANDEZ, wearing jeans and t-shirts forcibly pushed open the door and unlawfully entered Plaintiffs home, without a warrant, pointing guns at her. Plaintiff demanded the then unidentified men leave her home immediately.

12. Plaintiff asked her friend on the telephone to call 911, as she believed the two men were burglarizing her home and that her life was in danger. Defendant Officer J. LOMBARDO punched the telephone away from Plaintiff, and violently attacked, battered, tackled and handcuffed Plaintiff, while Defendant Officer F. HERNANDEZ held her at gun point.

13. After the restrained Plaintiff requested to see a search warrant, Defendant Officer J. LOMBARDO began violently chocking Plaintiffs neck.

/ / /

4

14. Under threat of further bodily harm and arrest, Defendant Officers then ordered Plaintiff to sign a consent to search form.

15. Two additional plain-clothes officers, Defendants MCGRATH and VIALARD, then unlawfully entered Plaintiffs home and assisted the other Defendant Officers with unlawfully searching and ransacking Plaintiffs home.

16. Plaintiff had committed no illegal acts at the time she was wrongfully and falsely imprisoned, but the Defendants, and each of them, by and through their employees, agents, and servants, participated together to cause the false imprisonment of and to violently restrain the Plaintiff for no just reason and in the absence of due diligence; that said imprisonment and search was unlawful, without warrants, judicial orders, or other rightful authority of law in violation of the Fourth, Fifth, and Fourteenth Amendments to the Constitution, and 42 U.S.C. 1983.

17. Plaintiff was imprisoned against her will and without consent in violation of her constitutional rights.

18. As a result of the acts detailed, supra, Plaintiff has suffered serious physical injury, loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of her liberty, invasion of her privacy, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, all to her damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

5

19. The acts, conduct and behavior of each of the Defendant Officers as individuals was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## SECOND CAUSE OF ACTION

## EXCESSIVE FORCE

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. Said use of excessive force deprived Plaintiff of the constitutional right to bodily security and liberty under the Fourteenth Amendment to the United States Constitution, and was an unreasonable physical seizure of Plaintiff under the Fourth Amendment to the United States Constitution.

22. As a result of the unwarranted use of excessive force, Plaintiff was bruised and battered. In addition, Plaintiff has suffered serious physical injury, loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of her liberty, invasion of her privacy, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, all to her damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

23. The act, conduct and behavior of Defendant Officers, individually, were performed knowingly and intentionally, oppressively and maliciously, by reason of which

6

Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF SEVERE MENTAL DISTRESS

24. Paragraphs 1 through 23 inclusive are incorporated by reference.

25. The Defendants' conduct, above described, was in an intentional manner and inflicted emotional distress, in that it caused Plaintiff to suffer great shame, humiliation, embarrassment, and severe mental and emotional anguish. As a result of these acts, Plaintiff has suffered loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of her liberty, invasion of her privacy, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, all to her damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

26. The act, conduct and behavior of Defendant Officers, individually, were performed knowingly and intentionally, oppressively and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

### FOURTH CAUSE OF ACTION

### UNLAWFUL SEARCH AND SEIZURE

27. Paragraphs 1 through 26 inclusive are incorporated by reference.

7

28.     The search and seizure described above was unreasonable and in violation of the Fourth Amendment of the United States Constitution. As a result of these acts, Plaintiff has suffered physical injuries, loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of her liberty, invasion of her privacy, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, all to her damage in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

29.     The act, conduct and behavior of Defendant Officers, individually, were performed knowingly and intentionally, oppressively and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## FIFTH CAUSE OF ACTION

## CUSTOM, POLICY AND PRACTICE

## CIVIL RIGHTS VIOLATION

30.     Paragraphs 1 through 29 inclusive are incorporated by reference.

31.     The Las Vegas Metropolitan Police Department has grossly failed to train its police officers in the fundamental law of search, arrest, detention, and use of force.

32.     The actions of the Defendant Officers resulted from, and were taken pursuant to a de facto policy of the Las Vegas Metropolitan Police Department, which is implemented by police officers of the said Department to summarily punish persons who

refuse to obey police orders, whether lawful or not, by means of unlawful detention, arrest, search, battery, and excessive force.

33. The existence of the <u>de facto</u> policy described in paragraph 32 has been known to supervisory and policy-making officers and officials of the Police Department, and the said department for a substantial period of time.

34. Despite their knowledge of the said illegal policy and practices, the supervisory and policy-making officers and officials of the said Defendant Police Department as a matter of policy, have not taken steps to terminate the said practices, or investigate, have not disciplined or otherwise properly supervised the individual officers who engaged in the said practices, have not effectively trained police officers with regard to the proper constitutional and statutory limits on the exercise of their authority, and have, instead, sanctioned the policy and practices described in Paragraph 32 through their deliberate indifference to the effect of the said policy and practices upon the constitutional rights of the residents and visitors of the City of Las Vegas and the County of Clark.

35. The foregoing acts, omissions, and systematic failures are customs and policies of the Defendant, Las Vegas Metropolitan Police Department, caused the Defendant Officers to believe that determination of the right to detain, search, arrest and use of force, and the amount of allowable legal force, was within their discretion and that complaints of illegal detainment, arrest, and use of excessive force would not be honestly or properly investigated, with the foreseeable result that officers would be likely to illegally imprison, search, arrest, and to use improper force.

///

36. As a direct and proximate cause of the aforesaid acts, omissions, policies and customs of the Defendant, Las Vegas Metropolitan Police Department, the Plaintiff was improperly and illegally detained, searched, suffered excessive force and had her said constitutional rights violated, all to her damage in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

## SIXTH CAUSE OF ACTION

## BATTERY

37. Paragraphs 1 through 36 are incorporated herein.

38. At all times material and relevant herein, the Defendant Officers were acting within the scope of their authority as an agent and officers of the Defendant, Las Vegas Metropolitan Police Department.

39. Said detention was in violation of Nevada law in that it lacked probable cause.

40. Said force in effectuating and continuing detainment of Plaintiff was unreasonable and constituted a battery.

41. As a direct and proximate cause of the said battery, Plaintiff was physically and mentally injured. As a result of these acts, Plaintiff has suffered loss of community reputation, loss of daily and future income, and to incur severe financial obligations in order to retain attorneys to seek redress against the unlawful conduct of the Defendants, as well as other painful injuries, deprivation of her liberty, invasion of her privacy, grievous mental suffering, and pain and suffering, all in violation of 42 U.S.C. 1983 and the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution, all to damage in an

10

amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

42. That the acts, conduct, and behavior of the Defendant Officers as individuals, was performed knowingly, intentionally, oppressively, and maliciously, by reason of which Plaintiff is entitled to punitive damages in a sum in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00).

**WHEREFORE,** Plaintiff JULIE A. MILITELLO demands judgment in her favor against the Defendants, and each of them: (a) for compensatory damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (b) for general damages in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); (c) against Defendant Officers as individuals for punitive damages each in an amount in excess of SEVENTY-FIVE THOUSAND DOLLARS ($75,000.00); and (d) together with the costs and disbursements of this action and such other attorney's fees pursuant to 42 U.S.C. § 1988, and further relief as justice requires.

DATED this 31 day of October, 2000.

POTTER LAW OFFICES

By_____
CAL J. POTTER, III, ESQ.
Nevada Bar No. 001988
1125 Shadow Lane
Las Vegas, Nevada 89102
Attorneys for Plaintiff

POTTER
LAW OFFICE
1125 Shadow Lane
Las Vegas, Nevada 89102
(702) 385-1954 * Fax (702) 385-9081